### KINGSTON *v.* GIRARD.

#### *Insurance.—Deviation.*

If a vessel, which has been captured, carried out of her course, and afterwards released, remain, for the purpose of trading, a longer time than is necessary to prepare for her voyage, at the port to which she has been taken by her captor, it will be a deviation.

CASE on a policy of insurance, to recover for a total loss by capture. On the trial of the cause, two points of defence were urged : 1st. That there had been a deviation ; inasmuch as the vessel traded at the port to which she was carried by the captor. Park, 311, 312, 313, 295. 2d. That the extra-expenses for wages, provisions, &c., during a capture and detention, were not a subject of general average ; but a charge on the freight. Park, 54–55 ; Abb. 285, 3 ; 1 East, 220 ; *Jones* v. *Insurance Company of North America* (*ante*, p. 246).

It was admitted by the plaintiff's counsel, that after the vessel was carried into the port of the captor, and before she was liberated, the extra-expenses were not a subject of general average ; but they insisted, that the expenses, subsequent to the liberation, were general average. Park 54 ; 2 Marshall, 462, 1, 4.

BY THE COURT.—If the vessel, after her release, remained at Martinique, to which she was carried by the captor, longer than was necessary to prepare for her voyage, and for the purpose of trading, it was a deviation ; and the policy is void.

Whether the extraordinary expense incurred for seaman's wages, provisions, &c., during the detention of the vessel, upon a capture as prize, is a subject of general average, forms an important question. In the case of *Jones* v. *Insurance Company of North America,* we decided, unanimously (and our opinion is strengthened by mature reflection), that such expenses, during an embargo in a foreign port, in the course of the voyage insured, are not general average, but a charge upon the freight, for which the underwriters upon the freight alone must furnish an indemnity.[1] We think, that the same principle embraces the case of detention for the purposes of a quarantine. In the case of detention, by capture as prize, there is not, however, any direct authority to decide the responsibility ; and the principle of the other cases does not embrace it. Elementary writers, Beawes and Magens, differ in opinion. It is, upon the whole, a safe, and the best, rule, to consider, whether the expense is incurred for the general benefit of all the parties interested in *ship, cargo and freight. If it is, then all the parties should contribute to defray it. If it is not (as in the cases of embargo and quarantine, where the delay and expense

---

(*a*) For a better report of the charge of the court, which was delivered by SHIP-PEN, C. J., see 1 Binn. 52, note.

[1] Jones *v.* Insurance Co., was reversed by the high court of errors and appeals, in 2 Binn. 547

are submitted to, merely that the vessel may earn her freight), then, the party who alone enjoys the benefit, should alone sustain the loss.

*Lewis* and *Hare*, for the plaintiff.   *Ingersoll* and *Rawle*, for the defendant.